UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

| | |
|---|---|
| LUIS ALBERTO AVILA-TORRES, | Civil No. 06-3296 (DSD/AJB) |
| Petitioner, | |
| v. | **REPORT AND RECOMMENDATION** |
| UNITED STATES OF AMERICA, | |
| Respondent. | |

THIS MATTER is before the undersigned United States Magistrate Judge on Petitioner's application for a writ of habeas, which is brought under 28 U.S.C. § 2241. (Docket No. 1.)  The case has been referred to this Court for report and recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.1.  For the reasons discussed below, it is recommended that this action be summarily dismissed pursuant to Rule 4 of The Rules Governing Section 2254 Cases In The United States District Courts.[1]

**I.   BACKGROUND**

In November 2004, Petitioner pleaded guilty to possession with intent to distribute methamphetamine in a criminal case brought against him in this District.  United States v.

---

[1] Rule 4 provides that "[i]f it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the petitioner to be notified." Although The Rules Governing Section 2254 Cases are most directly applicable to habeas petitions filed by state prisoners pursuant to 28 U.S.C. § 2254, they also may be applied to habeas cases brought under 28 U.S.C. § 2241.  Rule 1(b); Mickelson v. United States, Civil No. 01-1750 (JRT/SRN), (D.Minn. 2002), 2002 WL 31045849 at 2; Bostic v. Carlson, 884 F.2d 1267, 1270, n.1, (9th Cir. 1989); Rothstein v. Pavlick, No. 90 C 5558 (N.D.Ill. 1990), 1990 WL 171789 at *3.

Avila-Torres, Crim. No. 04-274 (JRT/FLN). He was sentenced to 46 months in prison, and he is presently serving his sentence at a correctional institution located in Big Spring, Texas, ("CI-Big Spring").

Petitioner did not file a direct appeal following his conviction and sentence. However, in April 2006, he filed a motion in the trial court in which he was convicted, seeking relief under 28 U.S.C. § 2255. The Government filed a response to Petitioner's § 2255 motion on June 5, 2006, and the motion is currently pending before the trial court judge – United States District Court Judge John R. Tunheim. (See United States v. Avila-Torres, Crim. No. 04-274 (JRT/FLN), Docket Nos. 21, 24, 26.)

Petitioner is attempting to challenge his conviction and sentence once again in his current § 2241 habeas corpus petition. He claims that his conviction and sentence should be vacated on the grounds of ineffective assistance of counsel, because his attorney allegedly failed to give him competent legal advice, and did not properly represent him during the course of his criminal prosecution. The Court finds, however, that Petitioner's current habeas corpus petition must be dismissed, for the reasons discussed below.

## II. DISCUSSION

A federal district court cannot entertain a habeas corpus petition if neither the petitioner nor his custodian is located within the court's geographical boundaries when the petition is filed. See U.S. v. Monteer, 556 F.2d 880, 881 (8th Cir. 1977) ("[h]abeas corpus jurisdiction lies only when petitioner's custodian is within the jurisdiction of the district court"). See also Lee v. United States, 501 F.2d 494, 501 (8th Cir. 1974); Gravink v. United States, 549 F.2d 1152, 1154 (8th Cir. 1977); Kills Crow v. United States, 555 F.2d 183, 189, n. 9 (8th Cir.

1977); McCoy v. United States Board of Parole, 537 F.2d 962, 964 (8th Cir. 1976).

In this case, neither Petitioner nor his custodian, the Warden at CI-Big Spring, is presently located in Minnesota. Therefore, the Minnesota District Court does not have subject matter jurisdiction in this case, and Petitioner's application for habeas corpus relief under 28 U.S.C. § 2241 cannot be entertained here. United States v. Hutchings, 835 F.2d 185, 187 (8th Cir. 1987).

The only remaining question is whether this action should be dismissed, or whether it should be transferred to the district in which Petitioner and his custodian are presently located – namely the Northern District of Texas, where CI-Big Spring is located. Under different circumstances this matter might be transferred to the district where Petitioner is confined pursuant to 28 U.S.C. § 1631, ("Transfer to Cure Want of Jurisdiction"). That will not be done here, however, because it is readily apparent that the claims presented in Petitioner's current § 2241 habeas corpus petition could not be entertained even if the petition had been filed in the proper district. Because Petitioner is attempting to challenge the validity of his federal criminal conviction and/or sentence, his present claims cannot be raised in a § 2241 habeas corpus petition in any district.

As a general rule, a federal prisoner can maintain a collateral challenge to his or her conviction or sentence only by filing a motion in the trial court pursuant to 28 U.S.C. § 2255. The fifth paragraph of § 2255 provides that

> "[a]n application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section [i.e., § 2255], shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or

3

ineffective to test the legality of his detention."

In effect, a motion brought in the trial court under § 2255 is the exclusive remedy available to a federal prisoner who is asserting a collateral challenge to his or her conviction or sentence. Hill v. Morrison, 349 F.3d 1089, 1091 (8th Cir. 2003) ("[i]t is well settled a collateral challenge to a federal conviction or sentence must generally be raised in a motion to vacate filed in the sentencing court under § 2255... and not in a habeas petition filed in the court of incarceration... under § 2241"). No court has jurisdiction to hear such a challenge under 28 U.S.C. § 2241, unless the petitioner has affirmatively demonstrated that the remedy provided by § 2255 "'is inadequate or ineffective to test the legality of...[his] detention.'" DeSimone v. Lacy, 805 F.2d 321, 323 (8th Cir. 1986) (per curiam), quoting 28 U.S.C. § 2255; see also, Von Ludwitz v. Ralston, 716 F.2d 528, 529 (8th Cir. 1983) (per curiam).

In this case, Petitioner is clearly trying to overturn his federal criminal conviction and/or sentence. His present petition is therefore barred by § 2255's exclusive remedy rule. Because Petitioner's current claims for relief can only be raised and addressed within the context of a § 2255 proceeding, it would serve no useful purpose to transfer his current § 2241 petition to the district where he is confined.

The Court has also considered whether Petitioner's § 2241 habeas corpus petition should be construed to be a § 2255 motion, and then addressed by the court in which he was convicted and sentenced. However, that also cannot be done in this case. Petitioner is precluded from seeking relief under § 2255, because he has already done so once before – i.e., in the § 2255 motion that is currently pending before Judge Tunheim. Any new § 2255

4

action that Petitioner might now attempt to pursue would have to be treated as a "second or successive" application for relief, which, under the Anti-terrorism and Effective Death Penalty Act, ("AEDPA"), could not be entertained by the trial court without the prior approval of the Circuit Court of Appeals for the circuit where Petitioner was convicted.  28 U.S.C. §§ 2244(b)(3) and 2255 (final paragraph).[2]

Without a pre-authorization order from the appropriate circuit court, a trial court cannot

---

[2]  According to the final paragraph of 28 U.S.C. § 2255:

"A second or successive motion [under § 2255] must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain –
(1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no factfinder would have found the movant guilty of the offense; or
(2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable."

28 U.S.C. § 2244(b)(3) provides that:

"(A) Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.
(B) A motion in the court of appeals for an order authorizing the district court to consider a second or successive application shall be determined by a three-judge panel of the court of appeals.
(C) The court of appeals may authorize the filing of a second or successive application only if it determines that the application makes a prima facie showing that the application satisfies the requirements of this subsection.
(D) The court of appeals shall grant or deny the authorization to file a second or successive application not later than 30 days after the filing of the motion.
(E) The grant or denial of an authorization by a court of appeals to file a second or successive application shall not be appealable and shall not be the subject of a petition for rehearing or for a writ of certiorari.

exercise jurisdiction over a second or successive § 2255 motion. <u>Nunez v. United States</u>, 96 F.3d 990, 991 (7th Cir. 1996); <u>see</u> <u>also</u> <u>Boykin v. United States</u>, No. 99-3369 (8th Cir. 2000), 2000 WL 1610732 (unpublished opinion). Because the instant Petitioner has not obtained a pre-authorization order from the Eighth Circuit Court of Appeals, the trial court judge could not entertain a new § 2255 motion at this time. <u>Id</u>. It would therefore be inappropriate to construe the present habeas corpus petition as a § 2255 motion, and transfer the matter to Judge Tunheim.

### III. CONCLUSION

In sum, the Court finds that Petitioner's current application for habeas corpus relief under § 2241 cannot be brought in this district because neither Petitioner nor his custodian is currently located in this district. The Court further finds that Petitioner could not bring his current claims for relief in a § 2241 habeas petition in the district where he is now confined, because he is challenging his original conviction and sentence, and such challenges can only be raised in a § 2255 motion filed in the trial court. Moreover, the current petition cannot be construed as a new § 2255 motion, and then transferred to the trial court, because of the rules governing successive petitions.

Thus, the Court will <u>not</u> recommend that this action be transferred to another district or construed as a § 2255 motion. Instead, the Court will recommend that the action be summarily dismissed for lack of jurisdiction. See <u>DeSimone</u>, 805 F.2d at 323-24 (§ 2241 habeas petition challenging conviction and/or sentence was properly dismissed for lack of jurisdiction).

### IV. RECOMMENDATION

Based on the foregoing, and all the files, records and proceedings herein,

**IT IS HEREBY RECOMMENDED** that:

Petitioner's application for habeas corpus relief under 28 U.S.C. § 2241, (Docket No. 1), be DISMISSED for lack of jurisdiction.

Dated: August 22, 2006

    s/ Arthur J. Boylan
ARTHUR J. BOYLAN
United States Magistrate Judge

Pursuant to Local Rule 72.2(b), any party may object to this Report and Recommendation by filing with the Clerk of Court, and by serving upon all parties, written objections which specifically identify the portions of the Report to which objections are made and the bases for each objection. This Report and Recommendation does not constitute an order or judgment from the District Court and it is therefore not directly appealable to the Circuit Court of Appeals. Written objections must be filed with the Court before September 7, 2006.